Vermont Superior Court
Filed 05/20/24
Caledonia Unit

VERMONT SUPERIOR COURT

Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 21-CV-01117

---

**Daniel Shaffer v. Northeast Kingdom Human Services, Inc.**

---

## ENTRY REGARDING MOTION

Title:          Motion in Limine Second - RE: co-Defendant settlement issues (Motion: 17)
Filer:          Alexander M. Dean
Filed Date:     April 15, 2024

The motion is GRANTED IN PART and DENIED IN PART.

As the Court stated at the May 13, 2024 status conference, it has gone back to Motion in Limine #17 to revisit its decision to limit any mention of the prior settlements with Dr. Sher. This analysis has expanded because the of Heartbeet settlement and the emerging fact that Dr. Sher will not be available to testify, leaving the parties to use his pre-settlement deposition under Rule 32. This issue is also informed by NKHS' amended answer seeking set-off. In light of these changes, the Court has determined that there must be some recognition of Heartbeet's departure and some context for the nature of Dr. Sher's testimony. At the same time, the Court is guided by the limitations of V.R.E. 408 and *Slayton* that limit what information about a prior settlement can be revealed to a jury.

1. *Set-off*

The first question for the Court is whether NKHS' addition of a set-off defense requires disclosure of the Sher and Heartbeet settlements to the jury and a disclosure of the dollar amounts of each settlement. The Vermont Supreme Court in *Slayton v. Ford Motor Co.*, 140 Vt. 27, 31 (1981) established that the "court rule" for set-off calculations is the preferred method for calculating set-offs. This rule instructs the trial court to keep the details of any settlement with joint tortfeasors from the jury and has the Court apply the setoff to any verdict rendered. Id. at 29–30.

While the subsequent adoption of V.R.E. 408 has loosened the dictates in *Slayton* about when and how settlement agreements must be kept confidential, nothing in either Rule 408 or

subsequent cases alter the general rule that the court, not the jury, perform any set-offs. *Quirion v. Forcier*, 161 Vt. 15, 19–20 (1993). The Court does not see any compelling reason to abandon the "court rule" of Slayton, and in fact, there is a substantial possibility that a jury, once made aware of the settlement amounts would either impute negligence onto NKHS or improperly infer an amount of damage based on the settlement amounts or in response to what has already been paid out through such settlements. For these reasons, the Court continues to rule that the parties may not raise or discuss the details of the settlement between Plaintiff and either Dr. Sher or Heartbeet.

*2.   The Need to Acknowledge Heartbeet's removal from the Case and the Context of Dr. Sher's Deposition*

The emerging changes to the composition of the trial merit some explanation to the jury and ability for the parties to explain why Heartbeet is no longer a party, despite their presence as a Defendant at the jury draw and Dr. Sher's role in the case based on his pre-settlement deposition. The general rule against allowing the existence or introduction of the terms of a settlement to a jury is not "absolute or unyielding." *Quirion v. Forcier*, 161 Vt. 15, 19 (1993) (quoting *Sampson v. Karpinski*, 147 Vt. 315, 320 (1986). Where the non-disclosure would be unfair or lead to prejudice, a court may allow evidence of settlement under V.R.E. 408. *Quirion*, 161 Vt. at 19 (citing *Gilman v. Towmotor Corp.*, 160 Vt. 116, 124 (1992)). In this case, Plaintiff's post-jury draw settlement with Heartbeet, the absence of Dr. Sher as a witness, and the use of Dr. Sher's pre-settlement deposition warrant the allowance of some limited mention of the fact that both were parties to the litigation but have been dismissed. To avoid speculation, the jury needs some explanation and instruction why Heartbeet is not a defendant and to clarify the nature of both Dr. Sher's answers and his general attitude during the deposition which is not necessarily apparent unless it is understood that he was a defendant being deposed by adverse parties.

For these reasons, the Court modifies its earlier ruling on Plaintiff's motion in limine, and it will allow evidence concerning the settlements with Dr. Sher and with Heartbeet. However, this evidence of settlement needs to be limited and controlled. To that end, the Court proposes the following preliminary jury instruction as part of the initial description of the case:

> Now, you may recall that Heartbeet Lifesharing Corporation was a defendant at the jury draw and Mr. Shaffer was bringing negligence and wrongful death claims against them. You will also notice that Heartbeet is no longer a part of this case. That is because the claim has been resolved and therefore, it is not for your consideration. You should not speculate as to why Shaffer's claims against Heartbeat are no longer

part of the case. It is a legal matter for the Court, and it is unrelated to what you must decide in this case.

As part of the case, the Court anticipated that you will be watching the deposition testimony of Dr. Peter Sher. Dr. Sher at the time he was deposed was a party to the case, but his claims have also been resolved. As with Heartbeet, the resolution of the claims with Dr. Sher are not for your consideration. You should not speculate as to why Shaffer's claims against Dr. Sher are no longer part of the case. It is a legal matter for the Court, and it is unrelated to what you must decide in this case.

The Court also proposes the following closing instruction:

### PARTIES AND DESCRIPTION OF THE CLAIMS

As I mentioned at the start of trial, the claims in this case consist of Plaintiff Daniel Shaffer's negligence claims and wrongful death claim against Defendant Northeast Kingdom Human Services. Northeast Kingdom Human Services denies the claims asserted against it and has presented defenses.

***Mr. Shaffer's claim against Heartbeet***. As I told you at the start of this trial, Mr. Shaffer's claim against Heartbeet Lifesharing Corporation has been resolved. It is not for your consideration in this trial. You should not speculate about that resolution or why the claim is no longer part of the case. That is a legal matter for the Court, and unrelated to what you must decide in this case.

The Court is also considering the following closing instruction:

### CLAIMS AGAINST OTHER PARTIES

You have heard evidence that Mr. Shaffer made a claim against two other parties, Heartbeet Lifesharing Corporation and Dr. Peter Sher. You may consider evidence relating to that claim to the extent that you determine it bears on any of the issues in the case, as discussed in the foregoing instructions. You may not speculate, however, as to the outcome of that claim, as it bears on either Northeast Kingdom Human Service's liability or any award of damages in this case.

The Court will include the proposed preliminary jury instruction in its draft preliminary jury instructions that it will circulate to the parties on May 20, 2024 and will discuss with the parties prior the impaneling of the jury on May 21, 2024.

### ORDER

Apart from this modification, the Court's prior order instructing the parties not to make reference to the existence or terms of the settlement agreement with Dr. Sher remain in place and are extended to the settlement agreement reached with Heartbeet. The Court continues to find that

any discussion of the settlement or the dismissed parties, apart from the limited instructions, will invite speculation and improper inference by the jury. The application of any set-off shall be performed by the Court following the return of a jury verdict.

Electronically signed on 5/17/2024 4:53 PM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge